UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HORATIO MITCHELL,

       Petitioner,      NOT FOR PUBLICATION

  -against-          **MEMORANDUM & ORDER**
                  08-CV-4896 (CBA)

STATE OF NEW YORK,

       Respondent.
------------------------------------------------------------X
**AMON, Chief United States District Judge**.

  Horatio Mitchell, proceeding pro se, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction and sentence for Robbery in the Second Degree, N.Y. Penal Law § 160.10(1). For the reasons that follow, the petition is denied.

## BACKGROUND

  The evidence presented at trial, which was held in New York State Supreme Court, Kings County, established that on March 18, 2005, at approximately 4:00 p.m., Mitchell grabbed Jose Hernandez on the street in Brooklyn and demanded his property. Hernandez resisted until Mitchell pressed a small metal object against his side. Assisted by two accomplices who approached the scene during the altercation, Mitchell took $440 in cash and an identification card from Hernandez, and then fled the scene along with his accomplices. At 11:00 p.m., two detectives took Hernandez on a canvass to look for the person who robbed him. During the canvass, Hernandez saw Mitchell walking on the street and pointed him out to the detectives as the robber, and the detectives arrested Mitchell. His accomplices were never apprehended.

  At trial, the State presented the testimony of Jose Hernandez and Detective Kalbacher, the arresting detective. Hernandez identified Mitchell as the man who had taken his money. The jury convicted Mitchell of one count of Robbery in the Second Degree. The trial judge

sentenced Mitchell to four and one-half years in prison and three years of post-release supervision.

Mitchell, through counsel, appealed to the New York Supreme Court, Appellate Division, Second Department.  He asserted two claims for relief: (1) that comments made by the State during summation denied him a fair trial by denigrating the defense, vouching for witnesses, appealing to the jurors' sympathy, and shifting the burden of proof; and (2) that his term of three years post-release supervision should be reduced to the statutory minimum of two and one-half years, because the trial court intended to impose the minimum but mistakenly believed that the minimum term of supervised release was three years.

The Appellate Division affirmed Mitchell's conviction and sentence.  People v. Mitchell, 854 N.Y.S.2d 672 (2d Dep't 2008).  With respect to the State's comments during summation, the Appellate Division held that "the prosecutor's remarks were fair comment upon the evidence or were a fair response to arguments presented in the summation by defense counsel."  The Appellate Division held that the sentencing issue was "not preserved for appellate review," citing New York's contemporaneous objection rule, N.Y. Crim. Proc. Law § 470.05(2), and declined to review it under the court's "interest of justice" jurisdiction.  The New York Court of Appeals denied Mitchell's application for leave to appeal from the order of the Appellate Division. People v. Mitchell, 862 N.Y.S.2d 344 (2008) (Graffeo, J.).  Mitchell subsequently filed this timely petition for a writ of habeas corpus on November 12, 2008, asserting the same grounds for relief that he raised on direct appeal in state court.

## STANDARD OF REVIEW

A petitioner in state custody pursuant to a criminal judgment of a state court is entitled to federal habeas relief only if he can establish that he is being confined in violation of the

2

Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.

Relevant here, claims that are presented to the state courts but denied on state procedural grounds are deemed procedurally defaulted and generally cannot support federal habeas relief. Harris v. Reed, 489 U.S. 255, 262 (1989) ("an adequate and independent finding of procedural default will bar federal habeas review of the federal claim").

When a federal claim is properly presented to the state courts and adjudicated against the petitioner on the merits, a petitioner is only entitled to federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) if the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or . . . [was] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1)–(2); see also Williams v. Taylor, 529 U.S. 362, 405–06 (2000); Henry v. Poole, 409 F.3d 48, 67 (2d Cir. 2005).  The Supreme Court has explained the requirements of § 2254(d) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-413.

## DISCUSSION

### I.     Prosecutor's summation

Under clearly established Supreme Court law, when a petitioner seeks federal habeas relief based on improper prosecutorial remarks, "it is not enough the prosecutor's remarks were

3

undesirable or even universally condemned.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Instead, the petitioner must show that "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id.; see United States v. Young, 470 U.S. 1, 11 (1985) ("Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding."). In addition, the prosecutor's remarks "must be evaluated in light of the defense argument that preceded it." Id. at 179.

     Mitchell argues that the prosecutor improperly denigrated the defense during his summation at trial when the prosecutor stated that the jury did not need to "buy" the defendant's argument that the victim did not have a good opportunity to view the perpetrator during the robbery, and when he referred to an analogy made by defense counsel in her summation as "absurd." Mitchell further argues that the prosecutor improperly vouched for the credibility of the victim by asserting in summation that the victim had "no motive whatsoever to lie" or "falsely accuse this defendant," that the victim "was not mistaken" in his identification and "told you the truth," and that "we know we can trust this identification based on the excellent opportunity Mr. Hernandez had to observe what the defendant looked like." In addition, Mitchell argues that the prosecutor inappropriately played on the sympathy of the jurors by emphasizing the emotional distress displayed by Hernandez when he took the stand and identified Mitchell in court. Specifically, the prosecutor stated that that Mitchell exhibited "the behavior of a man who realized and was absolutely certain that he was again sitting in the same room with a man who robbed him." Finally, Mitchell asserts that the prosecutor played on the

4

jurors' sympathy again when he concluded his summation by asking the jury to "return the only verdict you know speaks justice in this case. And that verdict is guilty."

On direct appeal, the state court held that the prosecutor's comments in summation were fair comment upon the evidence in the case. This conclusion was not contrary to or an unreasonable application of federal law. Throughout her entire summation, defense counsel attacked the reliability of the victim's identification of the defendant. Contrary to Mitchell's assertion, the prosecutor did not improperly vouch for the victim's credibility or offer his own personal observation on the evidence. Rather, the prosecutor responded to defense counsel's attack on the victim's credibility by emphasizing all of the aspects of the victim's testimony that would allow the jury to reach the conclusion that his testimony was credible, including both the facts of the crime and the victim's demeanor, responsiveness, and confidence while he was on the witness stand. As to the comments that allegedly denigrated the defense, they too were made in defense of the victim's credibility and, in any event, were isolated comments that did not permeate the summation, and Mitchell has not shown that he was denied a fair trial because of them.

For these reasons, the Court finds that Mitchell has not shown that the prosecutor's comments during summation were so egregious as to constitute a violation of federal due process. Accordingly, Mitchell is not entitled to habeas relief on this claim.

## II.     Supervised release

The judge concluded Mitchell's sentencing hearing by stating: "There is a mandatory post-release supervision, I believe, of three years. Sentence is imposed." Mitchell argues that his three year term of supervised release should be reduced to the two and one-half year statutory minimum, because the judge clearly intended to impose the minimum term but erred in believing

5

it to be three years. When the sentencing judge imposed this three year term, however, Mitchell's counsel did not object. The Appellate Division therefore held that this claim was procedurally defaulted under New York's contemporaneous objection rule, N.Y. Crim. Proc. Law § 470.05(2), which preserves for appellate review only those legal questions to which a protest was registered at the time of the trial court's ruling.

The Second Circuit has held that a state court's ruling that a claim is procedurally defaulted under New York's contemporaneous objection rule constitutes an "independent and adequate" finding of procedural default that bars habeas review of the federal claim. <u>Garcia v. Lewis</u>, 188 F.3d 71, 79 (2d Cir. 1999); <u>Peterson v. Scully</u>, 896 F.2d 661 (2d Cir. 1990) ("If a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with such a "contemporaneous objection" rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review."). Mitchell has made no showing that there was cause for the default or actual prejudice that would allow him to overcome this procedural bar. Accordingly, Mitchell cannot obtain federal habeas relief on this claim.

## DISCUSSION

The petition is denied. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
      November 1, 2011

                                                                     /s/
                                                Carol Bagley Amon
                                                Chief United States District Judge